UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CV-81005-SMITH/MAYNARD

TOM SCHWARZ

    **Plaintiff,**

v.

SEEMAN HOLTZ PROPERTY
AND CASUALTY, LLC

    **Defendant.**
_____/

# REPORT AND RECOMMENDATION

**THIS CAUSE** is before me upon Plaintiff's Amended Motion for Attorneys' Fees and Costs ("Motion for Fees"), DE 50, and Plaintiff's [Motion and] Memorandum in Support of Bill of Costs ("Motion for Costs"), DE 51 (together, the "Motions"). Presiding U.S. District Judge Rodney Smith has referred the Motions to me for appropriate disposition. DE 54. The Motion is fully-briefed. DE 52; DE 53; DE 56. Having reviewed the record and for the reasons set out below, I respectfully **RECOMMEND** that the Motions be **GRANTED IN PART and DENIED IN PART** with Plaintiff, Tom Schwarz, being awarded a total of **$31,554.68** in attorneys' fees and costs.

# BACKGROUND

This case stems from a Stock Purchase Agreement ("SPA"), dated December 4, 2018, under which Defendant, Seeman Holtz Property and Casualty, LLC, agreed to buy stock in the Schwarz Insurance Agency from Plaintiff, Tom Schwarz. On June 7, 2021, Plaintiff filed this one-count breach of contract case based on Defendant's failure to make agreed-upon payments. DE 1.

On March 15, 2022, Judge Smith granted summary judgment for Plaintiff after finding that:

> The parties agree that the SPA is a valid, enforceable contract, pursuant to which Defendant is obligated to make thirty-six Deferred Payments, totaling $2,250,000.00. Defendant materially breached the SPA by failing to make all thirty-six Deferred Payments. Defendant admits that Defendant still owes Plaintiff no less than

> $1,385,000.00. Therefore, upon review, the Court finds that Plaintiff has sufficiently demonstrated the absence of any issue of material fact and has sufficiently established that he is entitled to judgment as matter of law.

DE 47 at 3-4. Judge Smith noted Defendant's admission "that it is obligated to pay Plaintiff all reasonable costs and expenses of collection, including reasonable attorneys' fees and expenses, associated with the Deferred Payments and in pursuant of the same through this lawsuit." *Id.* at 2. Judge Smith directed Plaintiff to file a motion for attorneys' fees and costs and issued a separate Final Judgment awarding Plaintiff $1,385,000.00 in compensatory damages. DE 46 at 4; DE 47.

On March 28, 2022, Plaintiff filed his first motion for attorneys' fees and costs. DE 48. That same day, Judge Smith denied the motion without prejudice for failure to certify a good faith effort to resolve issues by agreement as required by Local Rule 7.3(a)(8). DE 49.

On April 11, 2022, Plaintiff filed his amended Motion for Fees. DE 50. On April 13, 2022, Plaintiff filed his Motion for Costs. DE 51. On December 22, 2022, Plaintiff supplemented his Motions to clarify the terms of an applicable fee agreement and each timekeeper's time expended and specific work performed. DE 55; DE 56. Defendant opted not to timely respond to the Supplement within the time allotted. In all, Plaintiff seeks to recover total fees and costs of $35,102.68 ($34,297.43 per the Motion for Fees and $805.25 per the Motion for Costs).

## **ANALYSIS**

Defendant opposes the Motions, arguing that (1) time entries and costs from a prior case voluntarily dismissed by Plaintiff are non-compensable; (2) local counsel's "extra fees and costs" are not taxable given Plaintiff's choice to hire out-of-state counsel in this simple breach of contract matter; (3) Plaintiff failed to comply with Local Rule 7.3; (4) Plaintiff's local counsel, Kaufman P.A., submitted excessive and duplicative billings; and (5) Plaintiff's out-of-state counsel, Turke & Strauss LLP, submitted excessive and duplicative billings. DE 52. These arguments are addressed below.

2

I.      **Entitlement to Fees and Costs for Prior Case Involving Same Claims**

First, Defendant argues that Plaintiff may not obtain fees from a prior case, which he filed on January 28, 2021, and voluntarily dismissed less than one month later, on February 25, 2021. DE 52 at 2 (citing *Schwarz v. Seeman Holtz Property & Casualty, LLC*, 21-80172-Civ-Middlebrooks/Brannon (S.D. Fla. Jan. 28, 2021) ("*Schwarz I*")). According to Plaintiff, *Schwarz I* was an attempt to collect the same amounts owed by Defendant and was only dismissed based on Defendant's unfulfilled promise to pay Plaintiff outside of court proceedings. DE 53 at 2.

*Schwarz I* involved the same parties, the same claims, and the same underlying agreements. The same day the case was filed, on January 28, 2021, Turke & Strauss LLP recorded the following billing entry: "Call from Tom Schwarz; email to attorney for Seeman Holtz re dismissal request." DE 56-1 at 7. This entry lends support to Plaintiff's position that Defendant sought a voluntary dismissal.

Under the SPA and Federal Rule of Civil Procedure 54(d), Plaintiff is entitled to recover reasonable fees and costs incurred in bringing *Schwarz I*. *See Fid. Life Ass'n v. Cohen*, No. 15-81552-Civ-Rosenberg/Brannon, 2017 WL 11220364, at *1 (S.D. Fla. Oct. 11, 2017), *report adopted*, 2017 WL 11220357 (S.D. Fla. Oct. 27, 2017) (finding in a contract dispute case, interpreted under Florida law, that plaintiff was entitled to reasonable fees and costs "incurred to enforce its contractual rights"). The SPA is governed by Florida law and specifically requires Defendant to pay "reasonable attorney's fees and expenses" pertaining to collection of amounts due under the agreement. DE 37-1 at ¶¶ 12, 36. "Under Florida law, attorney fee provisions in contracts are strictly enforced and construed." *Cohen*, 2017 WL 11220364, at *1 (citing, among other authority, *Succar v. Safra Nat'l Bank of NY*, 237 Fed. Appx. 526, 528 (11th Cir. 2007)). Here, Plaintiff incurred fees and costs in *Schwarz I* to enforce his rights under the SPA. Plaintiff is entitled to recover reasonable fees and costs associated with his collection efforts in *Schwarz I* under the SPA's provisions, which are strictly construed and enforced under Florida law.

## II. Hiring Local Counsel in Addition to Lead Out-of-State Counsel

Second, Defendant argues, without supporting authority, that Plaintiff cannot recover fees and costs for local counsel because he chose to hire out-of-state lead counsel for this simple breach of contract case. DE 52 at 3. "Issues raised in a perfunctory manner, without supporting arguments and citation to authorities, are generally deemed to be waived." *N.L.R.B. v. McClain of Georgia, Inc.*, 138 F.3d 1418, 1422 (11th Cir. 1998). Here, Defendant cites no authority for the proposition that Plaintiff may not collect fees and costs to hire local counsel merely because he hired out-of-state lead counsel. As Plaintiff explains, Defendant purchased Plaintiff's insurance agency located in Wisconsin and Plaintiff is a Wisconsin resident. DE 53 at 2-3. It is thus unremarkable that Plaintiff chose Wisconsin-based counsel to represent him, and nothing bars Plaintiff from doing so. Defendant's proposed blanket ban on fees and costs associated with hiring local counsel because Plaintiff hired out-of-state lead counsel is unsupported and without merit.

## III. Local Rule 7.3

Next, Defendant argues that the Motion for Fees fails to comply with Local Rule 7.3 by failing to: (i) identify a contractual or statutory right to fees; (ii) attach or describe the fee agreement; (iii) identify timekeepers for whom fees are sought; and (iv) state which attorney or paralegal performed the tasks described for each time entry. DE 52 at 4. Local Rule 7.3 governs motions for attorneys' fees and costs. In relevant part, it provides as follows:

> The motion shall: … (2) identify the judgment or other order which gives rise to the motion, as well as the statute, rule, or other grounds entitling the moving party to the award; (3) state the amount sought; (4) disclose the terms of any applicable fee agreement; (5) provide: (A) the identity, experience, and qualifications for each timekeeper for whom fees are sought; (B) the number of hours reasonably expended by each such timekeeper; (C) a description of the tasks done during those hours; and (D) the hourly rate(s) claimed for each timekeeper[.]

S.D. Fla. L.R. 7.3(a).

Defendant's challenges are without merit. As to Defendant's first challenge, the Motion for Fees is brought under Rule 54, which allows a prevailing party to file motions for fees and costs following entry of a final judgment. Fed. R. Civ. P. 54(d)(2)(A). Notably, in granting summary judgment for Plaintiff, Judge Smith noted that "Defendant admits that it is obligated to pay Plaintiff all reasonable costs and expenses of collection." DE 46 at 2. In support of his fee request, Plaintiff relies upon the following valid and enforceable agreements: (i) the SPA [DE 37-1]; and (ii) a related Promissory Note. DE 37-2. Both agreements give Plaintiff the right to recover his reasonable fees and costs of collection, expressly including attorneys' fees. DE 37-1 at ¶ 12 ("Buyer will pay to Seller on demand all reasonable costs and expenses of collection … including reasonable attorneys' fees[.]"); DE 37-2 at ¶ 5 ("Borrower will pay to Holder on demand all reasonable costs and expenses of collection, including reasonable attorneys' fees and expenses.").

As to Defendant's remaining challenges, Plaintiff's Court-Ordered Supplement explains the material terms of the fee agreement applicable to lead counsel, identifies missing timekeepers from his original submission, and provides previously missing detail about dates, task descriptions, and time expended by timekeeper. DE 56. This Supplement cures any deficiencies under Rule 7.3(a). Importantly, while compliance with Local Rule 7.3 is required, a Court may properly exercise its discretion to consider the merits of a fee motion in the face of limited non-compliance with local rules. *Dominguez v. Fiore*, No. 21-24055-Civ-Goodman, 2022 WL 16961299, at *11 (S.D. Fla. Nov. 16, 2022) (considering the merits of a plaintiff's fee motion even though not verified and exceeded page limits). Here, I find it appropriate to exercise discretion and consider the Motion for Fees, as supplemented, on the merits despite any limited noncompliance for three reasons. First, Plaintiff's entitlement is not disputed as Defendant expressly admitted liability for such fees and expenses. Second, Defendant's admission is supported by the terms of the parties' valid agreements. Third, the

5

Supplement, to which Defendant affirmatively opted not to object, sufficiently augments the Motion for Fees so that the Court may proceed on the merits to analyze Plaintiff's requests for fees and costs.

## IV. Reasonableness of Fees

Courts in the Eleventh Circuit use the familiar "lodestar" method to determine a reasonable fee award, which is calculated by multiplying the reasonable hourly rate by the number of hours reasonably expended. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (citing *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The fee applicant has the burden of establishing the reasonableness of the hourly rate and hours expended. *Norman v. Housing Auth. of the City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988). There is a strong presumption that the lodestar figure is reasonable. *Perdue v. Kenny A. ex rel Winn*, 559 U.S. 542, 553-54 (2010). Courts, however, may adjust the lodestar to account for a variety of factors, such as the degree of a movant's success in the case. *Ass'n of Disabled Ams. v. Neptune Designs, Inc.*, 469 F.3d 1357, 1359 (11th Cir. 2006) (citing *Hensley*, 461 U.S. at 435-36).

Importantly, courts are generally not permitted "to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *ACLU*, 168 F.3d 423 at 428. Where requested attorney fees are unreasonably high, courts may either "conduct an hour-by-hour analysis" or "reduce the requested hours with an across-the-board cut." *Bivins v. Wrap it Up Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008); *see also Procaps S.A. v. Patheon Inc.*, No. 12-Civ-24356-Goodman, 2013 WL 6238647, at *16-17 (S.D. Fla. Dec. 3, 2013) (reducing party's fee request with across-the-board cut based upon billing inefficiencies). Although courts may apply either method, they cannot apply both. *Bivins*, 548 F.3d at 1351. Finally, courts need not become "green-eyeshade accountants." *Fox v. Vice*, 563 U.S. 826, 838 (2011). Instead, the essential goal for the court is to "do rough justice, not to achieve auditing perfection." *Id.*

Plaintiff seeks attorneys' fees totaling $29,939.00 for 88.8 hours of work broken down as follows: $24,339.00 for 77.6 hours of work by out-of-state law firm Turke & Strauss LLP and $5,600.00 for 11.2 hours of work by local law firm Kaufman P.A. The tables below summarize each law firm's billing by timekeeper:

1. **Turke & Strauss LLP**

| Biller | Rate 1 | Hours | Total | Rate 2 | Hours | Total | Grand Total |
|---|---|---|---|---|---|---|---|
| Austin Doan | $300 | 7.6 | $2,280.00 | | | | $ 2,280.00 |
| Alex Phillips | $300 | 15.4 | $4,620.00 | $330 | 0.6 | $ 198.00 | $ 4,818.00 |
| Mary Turke | $300 | 9.6 | $2,880.00 | $330 | 27.2 | $8,976.00 | $11,856.00 |
| Reza Hajisanei | | | | $330 | 14.5 | $4,785.00 | $ 4,785.00 |
| Zog Begolli | $300 | 1.5 | $ 450.00 | | | | $ 450.00 |
| Stephanie Beck | $125 | 1.2 | $ 150.00 | | | | $ 150.00 |
| **Total Hours/Fees:** | | 35.3 | | | 42.3 | | **$ 24,339.00** |

2. **Kaufman P.A.**

| Biller | Rate | Hours | Total |
|---|---|---|---|
| Avi Kaufman | $500 | 2.3 | $ 1,150.00 |
| Rachel Kaufman | $500 | 8.9 | $ 4,450.00 |
| **Total Hours/Fees:** | | 11.2 | **$ 5,600.00** |

DE 56; DE 50-3.

As an initial matter, I do not find a total time of 88.8 hours expended by Plaintiff's counsel to be excessive per se. As detailed below, Defendant had opportunities to truncate litigation in this matter but chose to continue litigating despite ultimately capitulating completely as to liability. This case spanned from January 2021, when Plaintiff filed *Schwarz I*, to March 2022, when Judge Smith entered final summary judgment in Plaintiff's favor. Thus, Plaintiff filed two lawsuits and litigated this matter for more than one year before Defendant admitted its liability.

Second, Defendant's vigorous defense in this case naturally led Plaintiff to invest significant time and resources to prosecute his claims. Defendant filed two motions to dismiss. DE 12; DE 20. The parties also engaged in an unsuccessful mediation on January 26, 2022, after which the mediator noted that "the mediation remains open as the parties continue to work toward resolution." DE 42.

Resolution never happened, however. Rather, on February 2, 2022, Plaintiff filed his motion for summary judgment. DE 35. In doing so, Plaintiff cited Defendant's corporate representative's admission during a December 2021 deposition that Defendant owed Plaintiff at least $1,385,000.00. *Id.* at 3. Plaintiff argued that Defendant did not dispute Plaintiff's full performance under the parties' agreements. *Id.* at 3-4. On March 2, 2022, Defendant filed a response opposing summary judgment on the sole basis that a factual dispute existed as to the amount of damages. DE 44. Specifically, Defendant argued that the amended complaint claimed that Defendant owed $1,323,250 versus the $1,385,000 sought in Plaintiff's motion for summary judgment. *Id.* Ultimately, in his concise four-page Order granting Plaintiff summary judgment, Judge Smith found no absence of any issue of material fact and entered a Final Judgment awarding Plaintiff $1,385,000. DE 46; DE 47.

Accordingly, given Defendant's litigation posture taken and the over one year that it took for Plaintiff to prevail and acquire judgment in his favor, I do not find the nearly 89 hours expended by his counsel patently unreasonable. With this in mind, I proceed to evaluate the reasonableness of the attorneys' fees sought by Plaintiff employing the lodestar method.

### A. Reasonable Hourly Rate

In the Eleventh Circuit, "a reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman,* 836 F.2d at 1299. The "relevant market" is "the place where the case is filed." *Barnes*, 168 F.3d at 437. In determining if an hourly rate is reasonable, courts may consider the factors set forth in *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714, 718-19 (5th Cir. 1974)[1]; and may also rely on their own knowledge and experience of the prevailing market rate. *See Norman*,

---

[1] The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) the awards in similar cases.

836 F.2d at 1299-1300, 1303 ("The court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value"); *see also Johnson*, 488 F.2d at 717-19.

Defendant does not object to the hourly rates, including the blended attorney rates, charged by Turke & Strauss LLP. DE 52 at n. 3. Rather, Defendant only argues that the $500 hourly rate charged by local counsel, Avi and Rachel Kaufman, is unreasonable. *Id.* at 3.

Turke & Strauss LLP charged a blended hourly rate of $300 for the work performed by four attorneys prior to a change in August 2021, when the blended hourly rate was increased to $330 and applied to the hours expended by three attorneys. DE 56 at 2. Plaintiff also seeks to recover $125 per hour for 1.2 hours of paralegal work. Having considered the experience of the Turke & Strauss attorneys who worked on this case,[2] I find the proposed blended rate of $300 to be reasonable and consistent with similar services provided by lawyers of comparable skills, experience, and reputation. *See Omnipol, A.S. v. Worrell*, 2021 WL 1842212, at *3 (M.D. Fla. Mar. 23, 2021), *report adopted*, 2021 WL 1840513 (M.D. Fla. May 7, 2021) (finding reasonable and awarding an unobjected-to $353.05 blended hourly rate for a senior and junior attorney in a case involving Florida RICO and civil theft claims). I similarly find the paralegal's unobjected-to hourly billing rate of $125 per hour for 1.2 hours billed to be reasonable. *See Regal Nails, Salon & SPA, LLC*, 2022 WL 209189, at *7 (S.D. Fla. Jan. 5, 2022) (finding reasonable and awarding a $150 hourly rate for paralegal work in a breach of contract case litigated in late 2020 through late 2021). Therefore, I will apply the foregoing rates of Turke & Strauss LLP in the lodestar calculation.

---

[2] This includes a review of the records pertaining to Mr. Doan (attorney with 4 years of experience); Mr. Phillips (attorney with 3.5 to 4 years of experience); Ms. Turke (founding partner with 26 years of experience); Mr. Hajisanei (attorney with 2.5 to 3 years of experience); and Mr. Begolli (attorney with 3.5 years of experience).

Regarding the $500 hourly rate of local counsel, which Defendant argues is unreasonable, I will consider the experience of each attorney to arrive at a reasonable hourly rate.

### **Ms. Kaufman**

Ms. Kaufman is a member of the California, Florida, and Washington, D.C. bars. DE 56 at 4 (citing https://kaufmanpa.com/—last visited Jan. 25, 2023)). She is also admitted to practice in all federal district courts in California, the Southern and Middle Districts of Florida, the Eleventh Circuit, and the Ninth Circuit. *Id.* Ms. Kaufman was admitted to the Florida Bar in 2011[3] and to the California Bar in 2008.[4] Ms. Kaufman's firm specializes in consumer class actions and complex business litigation matters. *Id.*

Defendant objects to the $500 hourly rate billed by Ms. Kaufman on grounds that she is an attorney with 11-12 years of experience who primarily performed ministerial functions. DE 52 at 3. Ms. Kaufman billed a total of 8.9 hours in this case. DE 50-3. A review of her billing entries reveals time spent, among other things, reviewing the file and filing complaints in *Schwarz I* (1.3 hours); reviewing, revising, filing, and preparing service of the initial complaint in this case (1.8 hours); preparing and filing an amended complaint in this case (0.9 hours); reviewing, finalizing and filing a response to a motion to dismiss (0.5 hours); reviewing and filing a mediation notice and mediation report (0.8 hours); and reviewing, revising and filing a reply to a motion for summary judgment (0.3 hours). *Id.* I do not find that all of the tasks Ms. Kaufman performed were ministerial, and I therefore decline to recommend a reduced hourly rate on that basis. I do, however, find the $500 hourly rate excessive and not in keeping with the rates charged by others in the market with similar experience. Rather, upon consideration of all relevant factors, including my own independent experience and Ms. Kaufman's experience, I find that a $400 hourly rate is reasonable for the compensable work she

---

[3] *See* The Florida Bar, https://www.floridabar.org/directories/find-mbr/profile/?num=87406 (last visited Jan. 25, 2023).

[4] *See* The State Bar of California, https://apps.calbar.ca.gov/attorney/Licensee/Detail/259353 (last visited Jan. 25, 2023).

performed. *See generally, Lima v. Lee,* 2021 WL 5919042 at *3-4 (finding an hourly rate of $400 per hour reasonable for a partner with 16 years' experience for work performed in 2021).

### Mr. Kaufman

Mr. Kaufman was admitted to the Florida Bar in 2010 and he is admitted to practice in all federal courts in Florida and the Eleventh Circuit. DE 56 at 4 (citing https://kaufmanpa.com/—last visited Jan. 25, 2023)). He is also admitted to practice in the Eastern District of Wisconsin, Eastern District of Michigan, Northern District of Illinois, District of Colorado, and Western District of Arkansas. *Id.* As previously noted, Mr. Kaufman's firm specializes in consumer class actions and complex business litigation matters. *Id.*

Defendant objects to the $500 hourly rate billed by Mr. Kaufman on grounds that he is an attorney with 11-12 years of experience who primarily performed ministerial functions. DE 52 at 3. Mr. Kaufman billed a total of 2.3 hours in this case. DE 50-3. A review of his billing entries reveals 18 separate entries for 0.1 hours each, one entry for 0.3 hours and one entry for 0.2 hours. *Id.* The entries pertain primarily to communications with opposing counsel or co-counsel on topics such as the assigned judges, Defendant's response to the complaint, the motion to dismiss, potential mediators, and discovery disclosures. Given the short duration and descriptions of Mr. Kaufman's billings, I conclude that his contribution in this case was to share local knowledge and coordinate litigation activities rather than performing substantive work. Nonetheless, I do not find that Mr. Kaufman's contribution warrants a greater reduction in his hourly rate than that applied to Ms. Kaufman. Local counsel's input based upon local knowledge can add value and save time. Therefore, upon consideration of all relevant factors, including my own independent experience and Mr. Kaufman's experience, I find that an hourly rate of $400 is reasonable for Mr. Kaufman. *See Lima*, 2021 WL 5919042, at *3-4.

### B. Hours Reasonably Expended

Fee applicants must exercise billing judgment and exclude entries that are excessive, redundant, or otherwise unnecessary. *Barnes*, 168 F.3d at 428 (citing *Hensley*, 461 U.S. at 434). Time expended for clerical or administrative tasks should be excluded. *Winslow v. Indiheartandmind, Inc.*, No. 21-CIV-80800-Matthewman, 2022 WL 426513, at *4 (S.D. Fla. Feb. 11, 2022) (finding that counsel's time for filing various documents with the Court was non-compensable and citing, among other cases, *Thompson v. Branch Banking & Tr. Co.*, 2020 WL 7061558, at *3 (S.D. Fla. Nov. 10, 2020), *report adopted*, 2020 WL 7059353 (S.D. Fla. Dec. 2, 2020), *appeal dismissed*, 2021 WL 1327212 (11th Cir. Feb. 5, 2021)). Those opposing a fee application must be specific about which hours should be excluded and why. *Barnes*, 168 F.3d at 428. Where fee applicants fail to exercise billing judgment, the courts are obligated to so for them. *Id.* When multiple attorneys represent a client, as is the case here, a "district court is charged with deducting for redundant hours." *Norman*, 836 F.2d at 1301-02 (11th Cir. 1988) ("[r]edundant hours generally occur where more than one attorney represents a client"). To recover for the hours of multiple attorneys, a fee applicant bears the burden of demonstrating that the time spent reflects a distinct, rather than redundant, contribution of the billing attorney. *Barnes*, 168 F.3d at 432.

Defendant contests the reasonableness of the time Plaintiff's attorneys expended in this matter and raises distinct arguments with respect to each billing law firm.

#### 1. Turke & Strauss LLP

Defendant argues that the following billing entries of Turke & Strauss LLP are excessive:

| **Date** | **Hrs.** | **Name** | **Description** | **Objection** |
|---|---|---|---|---|
| 7/15/2021 | 0.5 | Austin Doan | Worked on M. Turke's PHV application; draft affidavit in support of motion; worked on proposed order. | Time associated with pro hac vice application unnecessary because it was unnecessary to hire out-of-state counsel |
| 7/19/2021 | 0.6 | Mary Turke | Review pretrial order; review Pro Hac Vice forms; email to | Same as above |

| | | | opposing counsel re Rule 16 conference. | |
|---|---|---|---|---|
| 8/20/2021 – 8/23/2021 | 15.4 | Alex Phillips | Review motion to dismiss and complaint; Research re: claims (1.7); Research re: defendant's arguments; Start response draft (3.4); Draft response to motion to dismiss (7.3); Revise brief; Further research re: acceleration (3.0). | Objection to 15.4 hours of time for responding to a motion to dismiss; asserts that 7.4 hours of the total time is excessive. |
| 11/24/2021 | 1.2 | Mary Turke | Review bank statement payments and cross check against complaint and payment schedule. | Secretarial or paralegal tasks. |
| 11/29/2021 | 0.3 | | Bates numbered and combined bank statements for production to opposing counsel. | Secretarial or paralegal tasks. |
| 11/29/2021 | 2.5 | Mary Turke | Draft notice of deposition; coordinate court reporter; review and produce financial statements to defendant. | Secretarial or paralegal tasks. |
| 3/17/2022 | 2.0 | Reza Hajisanei | Drafted motion to approve attorneys' fees and costs; Drafted M. Turke's Affidavit supporting the same; Compiled and redacted invoices attached to affidavit. | Fees on fees not compensable. |

As to the first two billing entries totaling 1.1 hours, Defendant repeats, again without supporting authority, that hiring out-of-state counsel was unnecessary and, for this reason, time expended on *pro hac vice* forms should not be compensable. For reasons discussed *supra*, I do not credit this objection and decline to recommend a reduction in hours on grounds that Plaintiff hired out-of-state counsel.

Regarding the 15.4 hours spent on responding to the motion to dismiss, I do not find the time unreasonable. Defendant's motion to dismiss sought dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6) or, alternatively, sought a more definitive statement under Fed. R. Civ. P. 12(e) on grounds that the amended complaint was vague and ambiguous. DE 20 at 1. Defendant itself has argued that this was a simple breach of contract claim. DE 52 at 3. Yet, Defendant vigorously

13

defended itself prior to acknowledging liability. Proof of this is evident in the arguments made in Defendant's motion to dismiss, including alternatively arguing that the operative complaint was vague and ambiguous. Moreover, the time about which Defendant complains was time expended by an associate, and the blended billing rate, as previously discussed, effectively considers that some tasks were delegated to less-experienced counsel. Therefore, considering this delegation of duties to a less-experienced attorney and considering the arguments for dismissal made by Defendant, I do not find 15.4 hours of time unreasonable for preparing a response to the motion to dismiss.

As to the next three entries totaling 4.0 hours, I find merit in Defendant's objection as to 1.2 hours expended by Ms. Turke for cross-checking payments against bank statements. This time expended should have been delegated as secretarial or paralegal tasks. The firm's paralegal expended 0.3 hours preparing bank statements for production. Therefore, no reduction to this entry is necessary due to it being a paralegal task, which it is. Furthermore, I find that the 2.5 hours expended by Ms. Turke primarily for reviewing financial statements and drafting the notice of deposition is time properly expended by counsel. Any reduction for the additional task described of coordinating a court reporter would be *de minimis*, and I decline to recommend such reduction with respect to a single time entry on the basis of Defendant's broad and general objection to counsel performing secretarial and paralegal tasks. I do agree, however, that the 1.2 hours, which Ms. Turke expended reviewing bank statements for payment cross-checking, could have been assigned to a paralegal.[5] Therefore, I recommend that 1.2 hours of Ms. Turke's time be billed at the paralegal rate of $125 per hour rather than at the blended billing rate of $330 per hour.

With regard to the 2.0 hours expended for preparing the Motions, I agree that such time is not compensable. This is because, "'while attorney's fees incurred for litigating the issue of entitlement

---

[5] Plaintiff's Reply asserts, without further explanation, that the 1.20 hours for review of bank statements and payment schedules was not a secretarial or paralegal task. DE 53 at 3.

to attorney's fees are recoverable, fees incurred for litigating the amount of attorney's fees are not.""" *Chavez v. Mercantil Commercebank*, N.A., No. 10-23244-CIV-Torres, 2015 WL 136388, at *5 (S.D. Fla. Jan. 9, 2015) (quoting *McMahan v. Toto*, 311 F.3d 1077, 1085 (11th Cir. 2002)). Here, the parties are primarily litigating the amount of attorneys' fees. Therefore, I recommend deducting the 2.0 hours Turke & Strauss LLP billed for working on the Motions.

### 2. Kaufman P.A.

Defendant argues that Plaintiff's local counsel, Kaufman P.A., submitted excessive and duplicative billings. *Id.* at 3-4. With respect to Ms. Kaufman, Seeman argues that the following work is duplicative or ministerial: (a) analyzing the judicial assignment; (b) filing a return of service; (c) analyzing an initial order; (d) communicating about *pro hac vice* forms; (e) revising documents drafted by the Turke firm; (f) filing documents; (g) reviewing, revising and filing a mediation report. DE 52 at 3. Defendant does not provide specific dates of the challenged time entries involved or the amount of time billed for these activities. Defendant's objections thus lack requisite specificity. Upon review, I agree with only some of Defendant's observations. With respect to Ms. Kaufman's work to assist with *pro hac vice* forms, I do not credit Seeman's argument because it is repetitive of its argument that it was unnecessary for Plaintiff to hire out-of-state counsel, which argument I reject.

I find, however, that some of Ms. Kaufman's time entries are duplicative. Indeed, Plaintiff has not carried his burden to demonstrate that all time expended by Ms. Kaufman was distinct and necessary. For example, on July 27, 2021, Ms. Kaufman billed 0.9 hours to "[r]eview, analyze, revise and file amended complaint and correspondence regarding same with co-counsel." DE 50-3 at 2. First, this billing seems redundant with Ms. Turke's billing for 2.5 hours on July 27, 2021, which included time for drafting the First Amended Complaint and finalizing same. DE 56-1 at 5. As discussed above, Ms. Turke is a very experienced attorney and should be capable of drafting an amended complaint. While a minimal amount of time for review by local counsel is reasonable, I

15

find the 0.9 hours that Ms. Kaufman billed to be duplicative where the amended one-count complaint consisted of six pages without exhibits. Second, filing is an administrative task that is non-compensable. *Winslow*, 2022 WL 426513, at *3. Ms. Kaufman's billing entries include several that describe filing as an activity. DE 50-3 at 2. To address redundant billing and billing for time spent on administrative tasks, I find that a 25% reduction to Ms. Kaufman's hours is justified, thus bring her compensable time to 6.7 hours versus 8.9 hours. *See Winslow*, 2022 WL 426513, at *4 (reducing hours claimed by 15% to account for excessive billing, including for duplicative work performed by the multiple attorneys representing the plaintiff and for clerical and for administrative tasks that should have been excluded); *CityPlace Retail, L.L.C. v. Wells Fargo Bank, N.A.*, No. 18-CV-81689-Rosenberg/Reinhart, 2021 WL 3361172, at *12 (S.D. Fla. Jan. 12, 2021) (reducing attorney hours by 20% to account for excessive billing, including for duplicative work by multiple attorneys and for administrative tasks that should not have been billed).

With respect to Mr. Kaufman, as I discussed above, his time entries indicate that his contribution was communicating and coordinating with national counsel rather than working substantively on litigating the case. I disagree with Defendant that all such entries are non-compensable. For example, local counsel's knowledge and input about judges' rules and procedures, about attorneys, and about mediators has value and can save time. DE 50-3 at 3 (reflecting billing of 0.1 hours for "[c]ommunications with national counsel regarding judge and magistrate judge"; 0.1 hours for "[c]ommunications with national counsel regarding appearance of new counsel for defendant and next steps"; and 0.1 hours for "[c]ommunications with national counsel regarding potential mediators"). Indeed, some communication for purposes of sharing knowledge and coordinating litigation strategy is appropriate and indicates individual contribution by the billing attorney. Furthermore, Mr. Kaufman's billed time is minimal at 2.3 hours indicating that he expeditiously engaged in such sharing and coordination.

Still, some of the entries are duplicative or purely administrative in nature. For example, Mr. Kaufman billed 0.1 hours for "[a]ttention to filing of complaint" and billed 0.1 hours twice for "[a]ttention to service of process and communications with national counsel regarding same." DE 50-3 at 2. As with Ms. Kaufman, I find such time expended to be non-compensable. I afford Mr. Kaufman the benefit of the doubt concerning some of his billings for "communications" in recognition that a minimal amount of such activity is necessary and in recognition of his role as local counsel. Nonetheless, I find that Mr. Kaufman's entries present similar issues to those of Ms. Kaufman and thus find that a reduction of 25% to Mr. Kaufman's hours is similarly appropriate to account for duplicative time entries and for excessive time entries pertaining to administrative tasks.

### C. Lodestar Calculation

Of the $24,339.00 in fees sought for the work performed by Turke & Strauss LPP, I find that a reasonable fee award is $23,433.00 as follows:

| Biller | Rate 1 | Hours | Total | Rate 2 | Hours | Total | Grand Total |
|---|---|---|---|---|---|---|---|
| Austin Doan | $300 | 7.6 | $2,280.00 | | | | $ 2,280.00 |
| Alex Phillips | $300 | 15.4 | $4,620.00 | $330 | 0.6 | $ 198.00 | $ 4,818.00 |
| Mary Turke | $300 | 9.6 | $2,880.00 | $330 | 26.0 | $8,580.00 | $ 11,460.00 |
| Mary Turke | | | | $125 | 1.2 | | $ 150.00 |
| Reza Hajisanei | | | | $330 | 12.5 | $4,125.00 | $ 4,125.00 |
| Zog Begolli | $300 | 1.5 | $ 450.00 | | | | $ 450.00 |
| Stephanie Beck | $125 | 1.2 | $ 150.00 | | | | $ 150.00 |
| **Total Fees:** | | | | | | | **$ 23,433.00** |

As to Kaufman, P.A. applying a 25% reduction to the 11.2 hours that the firm billed results in 8.4 compensable hours (11.2 x .75% = 8.4). Multiplying these hours by the reasonable hourly billing rate of $400, results in recoverable fees totaling $3,360.00 (8.4 x $400). Therefore, I find the lodestar amount of $26,793.00 ($23,433.00 + $3,360.00) to be a reasonable award of attorneys' fees in this matter.

17

**V.      Costs**

Lastly, I turn to the matter of costs. Plaintiff, as the prevailing party, is entitled to recover costs unless otherwise directed by the Court or applicable statute. *Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1332 (S.D. Fla. 2009) (citing Fed. R. Civ. P. 54(d)(1)). Congress limits the costs, which may be taxed by a federal court pursuant to Rule 54, to those enumerated in 28 U.S.C. § 1920. *Id.* at 1332-33. Costs that may be taxed under 28 U.S.C. § 1920 are as follows: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under section 1923 of this title; and (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title. 28 U.S.C. § 1920.

Federal courts may award costs in addition to those enumerated in 28 U.S.C. § 1920 when such an award is pursuant to an agreement between the parties. *MKT Reps S.A. De C.V. v. Standard Chartered Bank Int'l (Americas) Ltd.*, No. 10-22963-CIV, 2013 WL 1289261, at *2 (S.D. Fla. Mar. 28, 2013) (awarding costs in addition to those listed in 28 U.S.C. § 1920 in accordance with the parties' contract). Here, Plaintiff seeks to recover taxable costs under § 1920 as well as costs that are not taxable under the statute. Plaintiff argues he is entitled to these costs, shown below, under § 1920 and consistent with Defendant's admission that it is liable for Plaintiff's reasonable fees and costs of collection as support by the parties' agreements.

Plaintiff seeks to recover $805.25 in taxable costs comprised of $402.00 for Fees of Clerk and $403.25 for printed or electronically recorded transcripts. DE 51-1. Plaintiff has submitted receipts for the transcript costs. DE 51-2. Defendant does not object to the taxable costs sought. Accordingly, I find that Plaintiff should be awarded taxable costs in the amount of $805.25.

Plaintiff also seeks $4,358.43 in non-taxable costs. These costs, which were included in the billings of Plaintiff's counsel, are as follows:

- $3,706.43 in mediation fees incurred by Turke & Strauss LLP with a billing entry date of February 3, 2022. DE 50-2 at 23; DE 56-1 at 1.

- $402 filing fee incurred by Kaufman P.A. with a billing entry date of June 7, 2021. DE 50-3 at 3.

- $200 *pro hac vice* filing fee, for out-of-state counsel, incurred by Kaufman P.A. with a billing entry date of July 19, 2021. DE 50-3 at 3.

- $50 fee for service of process incurred by Kaufman P.A. with a billing entry date of August 15, 2021. DE 50-3 at 3.

DE 56; DE 50-3. Defendant only specifically objects to the $200 cost representing a *pro hac vice* filing fee (*see* DE 13) for the appearance of Ms. Turke of Turke & Strauss LLP. DE 52. Defendant objects to this cost on the basis that it was not reasonable for Plaintiff to hire out-of-state counsel. DE 52 at 3. As discussed above, I decline to find that Plaintiff is barred from recovering the *pro hac vice* fee on these grounds and I find no other grounds to bar recovery of this cost. I thus recommend that this cost be reimbursed.

Even without objection from Defendant, I find that Plaintiff should not recover twice for the filing fee of $402.00. The filing fee was included in Plaintiff's Bill of Costs. DE 51-1. It should not be awarded doubly as an expense that was included in his counsel's billings.

As to the remaining non-taxable costs, I find that Plaintiff is entitled to recover these costs based upon Defendant's admission that it is liable for Plaintiff's reasonable fees and costs of collection.[6] DE 53 at 1 (citing DE 46 at 2 (stating "Defendant admits that it is obligated to pay

---

[6] Although Plaintiff seeks to collect $50.00 for service of process as non-taxable, such cost could also be awarded as a taxable cost. *See Jet Miami LLC v. Miami Jet Inc.*, No. 17-24132-CV, 2020 WL 11420572, at *2 (S.D. Fla. July 15, 2020), *report and recommendation adopted*, No. 17-24132-CIV, 2020 WL 11420602 (S.D. Fla. Aug. 4, 2020) (finding that a private process service fee of $50.00 was compensable as taxable in that it did not exceed the Marshals Service fee of $65.00 per hour).

Plaintiff all reasonable costs and expenses of collection …")). This admission is supported by the parties' agreements. *See* DE 37-1 at ¶12; DE 37-2 at ¶5. Accordingly, Plaintiff should recover $3,956.43 in non-taxable costs ($4,358.43 - $402.00).

## CONCLUSION

Based on the foregoing, I respectfully **RECOMMEND** that the Motions [DE 50; DE 51] be **GRANTED IN PART and DENIED IN PART** and that Plaintiff be awarded a total of **$31,554.68** in attorneys' fees and costs ($26,793.00 in attorneys' fees + $805.25 in taxable costs + $3,956.43 in non-taxable costs).

## NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with presiding U.S. District Judge Rodney Smith. Failure to file timely objections shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016). **Conversely, if a party does not intend to object to this Report and Recommendation, then that party shall file a Notice of such within five (5) days of the date of this Report and Recommendation.**

DONE AND RECOMMENDED in Chambers at Fort Pierce, Florida, this 1st day of February, 2023.

SHANIEK MILLS MAYNARD
U.S. MAGISTRATE JUDGE